IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RAY A. GOUGH,**
**# R-00646,**

**Petitioner,**

vs.                                         Case No. 17-cv-247-DRH

**JASON C. GARNETT,**
**and ATTORNEY GENERAL,**
**STATE of ILLINOIS,**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner challenges his continuing incarceration as a sexually dangerous person,[1] after his commitment in Ogle County Case Nos. 99-CF-207 and 99-CF-209. He asserts that his constitutional right to a speedy trial was violated, when the trial court took 10 years to conduct Petitioner's retrial after his case was reversed and remanded for a new trial in 2004.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the

---

[1] Persons civilly committed under the Sexually Dangerous Persons Act (725 Ill. Comp. Stat. 205/0.01 *et seq.*) are deemed to be pretrial detainees, not convicted prisoners. *See Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003).

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Petition survives this preliminary review, and a response shall be ordered.

## **The Petition**

In 1999, Petitioner was found to be a sexually dangerous person. (Doc. 1, p. 5). He appealed that determination, and in March 2004, the Illinois Appellate Court reversed and remanded his case for a new trial. *People v. Gough*, 345 Ill. App. 3d 1155, 863 N.E.2d 861 (2004) (table). Petitioner was held in the Ogle County Jail for more than 10 years, until his retrial commenced in 2014. *Id.* Several matters contributed to the delay, including Petitioner's attempts to discharge his court-appointed attorney and represent himself, the resolution of the State's motion for a fitness hearing filed in 2010, and a 214-day continuance in 2013 due to a change in the law regarding licensing of psychological evaluators. (Doc. 1, pp. 5, 10, 16).

After the 2014 retrial, Petitioner was again civilly committed as a sexually dangerous person. The judgment was entered on November 19, 2014. He appealed, raising the speedy trial issue under both the United States Constitution and the Illinois Constitution, and raising several other matters. The Illinois Appellate Court affirmed the trial court's ruling on March 7, 2016. *People v. Gough*, 2016 IL App (2d) 150170-U, No. 2-15-0170, http://www.illinoiscourts.gov/

R23_Orders/recent_R23_appellate.asp. The reviewing court found no error in the trial court's balancing of the relevant factors in addressing Petitioner's constitutional speedy-trial claim.

Petitioner sought review in the Illinois Supreme Court, but his petition for leave to appeal was denied on September 28, 2016. (Doc. 1, p. 2). He filed the instant habeas corpus Petition on March 9, 2017. (Doc. 1, pp. 15-16). He seeks release from custody on the basis of the speedy trial violation. (Doc. 1, p. 15).

## **Disposition**

Petitioner's pleading indicates that he has exhausted his state court remedies with respect to the speedy trial claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(A). Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED** without prejudice at this time as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the Respondent's answer to the petition.

Finally, on the Court's own motion, the Illinois Attorney General is **DISMISSED** as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), cert denied, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of the Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Illinois Attorney General is not a proper party.

**IT IS HEREBY ORDERED** that the Respondent Warden shall answer the Petition or otherwise plead within thirty days of the date this order is entered (on or before June 8, 2017).[2] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 9th day of May, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.05.09
17:47:14 -05'00'

**United States District Judge**