IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAY A. GOUGH, )
)
        Petitioner, )
)
vs. )
) Case No. 17-cv-247-DRH-CJP
JASON C. GARNETT, )
)
        Respondent. )

# ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on petitioner's Motions for Reconsideration of Motion for Appointment of Counsel. **(Docs. 15 & 17).**

There is no constitutional right to counsel in habeas corpus cases. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007).

28 U.S.C. §2254(h) provides that the court *may* appoint counsel for an indigent habeas petitioner, and that the appointment of counsel in such a case is governed by 18 U.S.C. §3006A. Neither statute creates a right to counsel; rather, they give the court broad discretion to appoint counsel for a petitioner seeking habeas relief.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. See, *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so;

and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010), citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, petitioner does not say what steps he has taken, if any, to obtain counsel on his own. Accordingly, the Court is unable to determine whether he has made a reasonable attempt to obtain counsel, as required by *Santiago* and *Pruitt*.

Even if petitioner had demonstrated a sufficient attempt to secure counsel, the Court would not appoint counsel for him. Petitioner's pleadings are readily understandable and literate; they clearly set forth his arguments and cite relevant law. The issues involved in this case are not overly complex. Petitioner argues that respondent raises very technical and complicated issues. The Court disagrees; the issue raised is straightforward, i.e., whether there is a federal constitutional right to a speedy trial in a civil proceeding. The response cites relevant caselaw, which gives petitioner the starting point for his research.

For the foregoing reasons, petitioner's Motions for Reconsideration of Motion for Appointment of Counsel **(Docs. 15 & 17)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE: September 1, 2017.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**