# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RAY A. GOUGH,**

                **Petitioner,**

**vs.**                                           **Case No. 17-CV-00247-DRH-CJP**

**JASON C. GARNETT,**

                **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

      This matter is before the Court on petitioner's third reconsideration of motion for appointment of counsel, which the Court construes as an appeal of a magistrate decision (Doc. 22). Petitioner Ray A. Gough seeks to appeal the September 1, 2017 Order issued by Magistrate Judge Proud denying his motion to reconsider appointment of counsel (Doc. 21). Based on the following, the Court affirms Magistrate Judge Proud's September 1, 2017 Order and denies plaintiff's appeal.

      Local Rule 73.1(a) of the Southern District of Illinois provides:

(a)    Appeal of Non-Dispositive Matters - 28 U.S.C. § 636(b)(1)(A)

        Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of Court and serve on all parties a written

request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under FEDERAL RULE OF CIVIL PROCEDURE 72(a), the Court may modify or reverse a magistrate judge on a non-dispostive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters**. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997).

In applying this "clear error" standard, a district judge may overturn a decision "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d

926, 943 (7th Cir. 1997). If there are two permissible views, the reviewing court will not overturn the decision solely because it would have chosen the other. The clear error standard requires more than mere disagreement.

Accordingly, the Court will affirm Judge Proud's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); S.D. Ill. Local Rule 73.1(a). The Court finds that petitioner has not established that Judge Proud's Order regarding appointment of counsel was clearly erroneous or contrary to the law in this case.

As pointed out by Judge Proud, there is no constitutional right to counsel in habeas corpus cases. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). 28 U.S.C. §2254(h) provides that the Court may appoint counsel for an indigent habeas petitioner, and that the appointment of counsel in such a case is governed by 18 U.S.C. §3006A. Neither statute creates a right to counsel; rather, the statutes afford the court broad discretion to appoint counsel for a petitioner seeking habeas relief. When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749,

760-61 (7th Cir. 2010), citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

The Court finds that petitioner has not established that Judge Proud's orders were clearly erroneous or contrary to the law in this case. Specifically, the Court finds that petitioner's pleadings are readily understandable and literate, including his reply filed on January 11, 2018 (Doc. 23). Petitioner sets forth his arguments very clearly and cites relevant law, which suggests he can handle the case without counsel. Further, the Court agrees with Judge Proud that the issues involved in this case are not overly complex, but in fact are straightforward, i.e., whether there is a federal constitutional right to a speedy trial in a civil proceeding. Moreover, this Court has explained that habeas review is generally limited to materials that were before the state court and that, except in unusual circumstances, an evidentiary hearing is precluded. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-99 (2011). In this case, no hearing will be necessary.

Simply because petitioner does not agree with the law, the disagreement is not indicative of a mistake warranting reversal of the magistrate judge's prior decisions. Therefore, based on the law of this Circuit, it is clear that good cause has not been shown to warrant reversal of Judge Proud's Order (Doc. 21). Petitioner failed to show that Judge Proud's decision was clearly erroneous or contrary to law. Upon further review of the pleadings, as described above, the Court also finds petitioner's objections to be meritless. Thus the

Court **OVERRULES** petitioner's objections and **AFFIRMS** Magistrate Judge Proud's Order (Doc. 21).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.12
15:07:57 -05'00'

**United States District Judge**