# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY A. GOUGH, # R-00646, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17-cv-247-SMY |
| ) | |
| DANIEL Q. SULLIVAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ray Gough is incarcerated at Big Muddy River Correctional Center as the result of a 2014 civil commitment proceeding in Ogle County Circuit Court under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.01 *et seq*. Based on that court's finding that Gough is a sexually dangerous person, his confinement continues indefinitely until he is determined to no longer be dangerous. 725 ILCS 205/9. Gough's original civil commitment took place in 2000, but after Gough appealed, the matter was remanded for a new trial in March 2004. (Doc. 1, p. 5; Doc. 13, p. 1). The retrial did not take place until November 2014.

Gough seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 on the grounds that a 10-year delay of his retrial in the SDPA proceeding violated his constitutional right to a speedy trial.

Gough's Petition raises the following grounds, all related to his overarching speedy trial claim:

1. The trial judge unconstitutionally denied Gough the right to represent himself and improperly charged to Gough the 3-year delay while the issue was litigated. (Doc. 1, p. 5).

2. The trial and appellate courts improperly held that Gough's speedy trial right was not violated based on their finding that most of the 10-year delay

1

    was either caused by Gough or not attributable to the state, when the State's delays alone were enough to violate the Constitution. (Doc. 1, p. 7).

3. The appellate court improperly held that Gough's obstructionist conduct relating to his unwanted court-appointed attorney forfeited his right to represent himself, when the trial court made no such finding. (Doc. 1, p. 8).

4. The 7-month delay caused by the State's filing of an improper motion for a fitness hearing, shortly before a 2010 trial date, was sufficient to deny Gough's speedy trial right. (Doc. 1, p. 10).

5. Gough's speedy trial right was denied when the state legislature and/or executive branch amended the statute governing licensing of experts, which led the trial court to order new evaluations and delayed the trial for 214 days. (Doc. 1, p. 16).

Respondent argues that Gough's speedy trial claim is not cognizable on federal habeas review and lacks merit. (Doc. 13). Gough filed a Reply (Doc. 23), and the Court granted in part his motion to expand the record with additional transcripts of the trial court proceedings. (Docs. 33, 34). For the reasons discussed below, Gough's § 2254 Petition will be **DENIED**.

## Relevant Facts and Procedural History[1]

### Trial Court Proceedings

Following a jury trial in 2000, Gough was civilly committed as a sexually dangerous person by the Ogle County Circuit Court (Case Nos. 99-CF-207 and 99-CF-209). The Judgment was initially affirmed on appeal in 2002 (Doc. 13-2, pp. 1-3), but in 2003, the Illinois Supreme Court remanded the case to the appellate court for reconsideration in light of new precedent. On February 11, 2004, the appellate court concluded the first trial was faulty because the jury was

---

[1] The factual summary is derived from the pleadings and the decisions of the Illinois Appellate Court, Second District, in its Rule 23 Orders of February 11, 2004, vacating its earlier judgment and remanding for a new trial (Doc. 13-2, pp. 46-49); and March 7, 2016, affirming Gough's commitment after his November 2014 retrial. (Doc. 13-2, pp. 50-94). The state court's factual findings are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). Petitioner challenges certain findings relating to his speedy trial claims, which he characterizes as unreasonable determinations of the facts, citing 28 U.S.C. § 2254(d)(2). (Doc. 23, pp. 1-2).

not required to find that Gough's condition must affect his ability to control his sexual behavior. (Doc. 13-2, pp 44-45, 48-50). A new trial was ordered to be governed by the standards of proof announced in *People v. Masterson*, 798 N.E.2d 735, 207 Ill. 2d 305 (2003).

Gough filed a speedy trial demand on March 23, 2004 and renewed it on February 3, 2005. (Doc. 13-2, pp. 50-51, 53). His motion to dismiss the case on speedy trial grounds filed on June 13, 2011 was denied. (Doc. 13-2, p. 58). The trial court denied his second motion to dismiss the case for violation of his constitutional speedy trial rights on August 29, 2014, finding that Gough was responsible for the majority of the delays and his defense was not prejudiced. (Doc. 13-2, pp. 60-61). Gough's retrial took place in November 2014. The jury again found him to be a sexually dangerous person and he was recommitted to the custody of the Illinois Department of Corrections.

## Appellate Proceedings

Gough raised a speedy trial challenge and several other issues on appeal. The appellate court affirmed the trial court's ruling that the 10-year delay did not violate Gough's constitutional rights. (Doc. 13-2, pp. 51-61, 71-79). Specifically, that court found that the trial court did not err in balancing the relevant factors and supported its decision by finding that the State did not commit any intentional delays, while Gough "committed numerous intentional delays." (Doc. 13-2, p. 51).

Gough's Petition for Leave to Appeal to the Illinois Supreme Court was denied on September 28, 2016. (Doc. 13-3, p. 131). He timely filed this Habeas Petition on March 9, 2017. (Doc. 1).

## **Legal Standards**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death

Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications, in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is *not* merely another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407). That said, even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v.*

*Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Gough must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in such cases. *Id*.

## Analysis

Respondent concedes that the Petition was timely filed and does not claim that Gough failed to exhaust state court remedies or has procedurally defaulted his claims. (Doc. 13, pp. 3-5). He argues, however, that under the AEDPA's deferential standard of review, the state court's rejection of Gough's speedy trial claim was not contrary to or an unreasonable application of Supreme Court precedent. *Id.* As such, this Court's analysis begins with a determination of whether Supreme Court precedent has clearly established the right invoked by Gough. *See Marshall v. Rodgers*, 569 U.S. 58, 61 (2013).

Proceedings under the SDPA are civil in nature. *People v. Grant*, 52 N.E.3d 308, 313-14 (Ill. 2016); *see also Allen v. Illinois*, 478 U.S. 364, 365 (1986) (because SDPA proceedings are not "criminal," the Fifth Amendment guarantee against self-incrimination does not apply); *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003) (persons confined pursuant to the SDPA are civil detainees as well as pretrial detainees). The Sixth Amendment references only criminal cases, and Respondent correctly notes that the Supreme Court has never applied the Sixth Amendment right to a speedy trial in the context of civil commitment proceedings. (Doc.

5

13, pp. 4-5). *See, Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("the Sixth Amendment does not govern civil cases"); *Powell v. Scott*, No. 17-C-5358, 2019 WL 2866718, at *4-5 (N.D. Ill. July 3, 2019) (the speedy trial clause is plainly limited to criminal prosecutions and "the Sixth Amendment plays no part in civil proceedings"). In the absence of such precedent, Gough's assertion that the Illinois Appellate Court's decision was contrary to or an unreasonable application of clearly established federal law is doomed to failure.

That said, Illinois courts have recognized a due process speedy trial right for an SDP respondent where the Supreme Court has not, and consistent with Illinois precedent, the appellate court applied the *Barker v. Wingo* balancing test to evaluate Gough's speedy trial claims. *Barker v. Wingo*, 407 U.S. 514 (1972).[2] But the state courts' application of the *Barker* factors does not transform *Barker* into "clearly established federal law" that would entitle Gough to federal habeas relief in his challenge to the SDPA civil proceeding. Because federal habeas corpus review is strictly limited to the question of whether the Illinois court's decision runs afoul of *clearly established federal law* (which does not include a speedy trial right in civil commitment proceedings), this Court does not find the appellate court's ruling to be improper.

Gough also argues that the second subsection of § 2254(d) provides an alternative path to habeas relief and contends the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); (Doc. 23, p. 2). In particular, he contends the state appellate court made numerous unreasonable factual determinations relating to his speedy trial claim. For example, "by improperly finding that petitioner was responsible for the three-year delay during which he

---

[2] *Barker* directs that when considering whether a delay violated a criminal defendant's speedy trial right, a court should weigh the length of the delay, reasons for the delay, the defendant's assertion of the speedy trial right, and the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 529-33 (1972); (Doc. 13-2, p. 72).

repeatedly asserted, and was denied, his right to represent himself, [and] by finding that delays supposedly caused by petitioner were greater than those caused by the State[.]" (Doc. 23, p. 2).

Even if this Court were to conclude that the state court's findings amounted to an "unreasonable determination of the facts" within the meaning of § 2254(d)(2), Gough would still not be entitled to habeas relief, given again, the lack of Supreme Court precedent extending speedy trial rights to a person facing civil commitment.

Accordingly, Gough's Petition for Writ of Habeas Corpus will be denied.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Gough need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the certificate, a habeas petitioner may request a certificate of appealability from the court of appeals. FED. R. APP. P. 22(b)(1)-(3).

For the foregoing reasons, the Court has determined that Petitioner has not stated any grounds for habeas relief. Further, no reasonable jurist would find it debatable whether this Court's rulings were correct. As such, Petitioner has not made a substantial showing of the

7

denial of a constitutional right, and the Court denies a certificate of appealability.

## Conclusion

Gough's Petition for habeas relief under 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Gough plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: December 17, 2019**

*s/ Staci M. Yandle*
STACI M. YANDLE
United States District Judge
